IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY K. JOHNSON,

        **Plaintiff,**

v.                                           CASE NO. 18-3072-SAC

(FNU) CAMPBELL, et al.,

        **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff Anthony K. Johnson brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at the Riley County Jail in Manhattan, Kansas. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff time to file a proper amended complaint to cure the deficiencies. This matter is before the Court for screening of Plaintiff's Amended Complaint at Doc. 10.

**I. Nature of the Matter before the Court**

Plaintiff's allegations in his Complaint involve his state criminal proceedings. *See* Case No. 2016-cr-000297 in Geary County District Court. Plaintiff alleges in his Complaint (Doc. 1) that on April 3 or 4, 2016, he was sleeping in the passenger seat of a rental car parked outside of the Super 8 Motel on Washington Street in Junction City, Kansas. Plaintiff's friend, Amanda Bluthardt Silva, was sleeping in the driver's seat. Two police officers arrived around seven or eight a.m. in response to a call for a welfare check. The officers questioned Plaintiff and Silva,

and when an officer claimed he saw a gun in the car they ordered Plaintiff and Silva out of the car. The officers denied Plaintiff's request to grab his pants and shoes out of the car and to use the restroom in the motel. Plaintiff was placed in handcuffs and searched. Plaintiff attempted to run with the handcuffs on and the officers tackled him, threw him to the ground, wrapped him in a "restraint blanket" and threw Plaintiff in the police car.

Plaintiff was held on charges of drug possession, weapons possession and battery on a law enforcement officer. Silva was charged with drug and weapons possession. Silva's attorney filed a motion to suppress the alleged illegal search and seizure, and her case was dismissed. Plaintiff's attorney, Defendant Linda Barnes, did not file a motion. Barnes told Plaintiff it would take a month to hear such a motion, and encouraged Plaintiff to accept a plea deal if he wanted to go home right away. Plaintiff entered a plea agreement and everything prior to his alleged battery of a law enforcement officer was dropped.

In his Amended Complaint, Plaintiff alleges that his Fourth Amendment rights were violated when he was illegally seized on April 3, 2016. Plaintiff claims that several charges were dismissed and his co-defendant's motion to suppress was granted, which proves that the officers did not follow proper procedure. Plaintiff seeks compensation for lost wages, pain and suffering, and unlawful imprisonment.

**II. Discussion**

The Court's MOSC noted that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity
> of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff claims that some of his charges were dismissed. However, an online search shows that Plaintiff pleaded guilty to assault on a law enforcement officer and Plaintiff has not shown that the conviction or sentence has been overturned. Plaintiff claims damages for lost wages and unlawful imprisonment, but he pleaded guilty to one of the charges he was being held on and is currently in custody serving his sentence. Because Plaintiff was being held on a related charge that he was convicted on, Plaintiff must show cause why his case should not be dismissed for failure to show that his imprisonment was illegal or that he suffered lost wages due to the charges that were dismissed.

**III. Response Required**

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 14, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of May, 2019.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**