IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY K. JOHNSON,

    **Plaintiff,**

v.                                CASE NO. 18-3072-SAC

(FNU) CAMPBELL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Anthony K. Johnson brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at the Riley County Jail in Manhattan, Kansas. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff time to file a proper amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 10), and on May 21, 2019, the Court entered an Order to Show Cause (Doc. 12) ("OSC"), granting Plaintiff until June 14, 2019, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the OSC.

The OSC was mailed to Plaintiff at his current address of record and was returned as undeliverable. (Doc. 13.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan.

Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC within the allowed time.

The Court's MOSC and OSC noted that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff claims that some of his charges were dismissed in Case No. 16-cr-297 in Geary County District Court. However, an online Kansas District Court Records search shows that Plaintiff pleaded guilty to Attempted Conspiracy Solicitation and Interference with LEO. *See State v. Johnson*, No. 16-cr-297, Geary County District Court. Plaintiff has not shown that the conviction or sentence has been overturned. Plaintiff claims damages for lost wages and unlawful imprisonment, but he pleaded guilty to some of the charges he was being held on and is currently in custody serving his sentence. Because Plaintiff was being held on a related charge that he was convicted on, Plaintiff failed to show that his imprisonment was illegal or that he suffered lost wages due to the charges that were dismissed. Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 18th day of June, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**
